**In re INDIGO SECURITIES LITIGATION.**

**Civil Action No. 96–MD–1111–WGY.**

United States District Court,
D. Massachusetts.

March 5, 1998.

Kenneth G. Gilman, Gilman & Pastor, Boston, MA, Howard B. Sirota, Sirota & Sirota, New York City, for Michael Salke (U.S.D.C.–MA C.A. No. 95–12692–WGY), consolidated Plaintiff.

Peter Lagorio, Gilman & Pastor, Boston, MA, for Donald Uva (U.S.D.C.—MA C.A. No. 95–12707–WGY),· consolidated plaintiff.

Michael C. Spencer, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, for Stephen Gorenstein (USDC—MA CA No. 96–11538–WGY USDC—E.D. OF N.Y. CA No. 1:95–3429), consolidated plaintiff.

Curtis V. Trinko, New York City, for Gloria Abedilla (USDC—MA CA No. 96–11539–WGY USDC—E.D. OF N.Y. CA No. 1:95–4512), consolidated plaintiff.

## ORDER RE ATTORNEYS' FEES

YOUNG, District Judge.

This matter is before this Court on the application of two separate groups of plaintiffs' counsel for an award of attorney fees and costs. The firms of Milberg Weiss Bershad Hynes & Lerach LLP, Weiss & Yourman, and Wolf Popper LLP (collectively "lead counsel") on the one hand; and Gilman & Pastor and Sirota Sirota (collectively "Massachusetts plaintiffs' counsel") on the other hand apparently have failed to agree as to the division of fees and costs among the nineteen firms that have participated in this lawsuit.

The lead counsel, on behalf of themselves and fourteen other firms, have requested fees equal to thirty (30) percent of the Gross Settlement Fund, and reimbursement of expenses in the amount of $199,881.61, all to be distributed according to their discretion among class counsel. Not satisfied with this arrangement, the Massachusetts plaintiffs' counsel have requested, on behalf of themselves, fees equal to 16.6% of the Gross Settlement Fund, (more than one half of the total fee requested by all the other firms), together with reimbursement of expenses in the amount of $115,158.80.

A brief review of the course of this litigation is in order. Weiss & Yourman filed the first suit in this securities class action in the Eastern District of New York. Subsequently, Milberg Weiss and Wolf Popper filed separately in this Court. In the face of the defendant's efforts to transfer the litigation to Massachusetts, both firms agreed voluntarily to dismiss the claims in Massachusetts without prejudice, and re-file in the Eastern District of New York. The defendants also withdrew their motion to transfer in November 1995. On January 18, 1996 Judge Bartels, sitting in the Eastern District of New York, appointed Milberg Weiss, Wolf Popper, and Weiss & Yourman lead counsel for the class.

In the interim, on December 12, 1995, the Massachusetts plaintiff's counsel filed suit in the District of Massachusetts. On June 18, 1996, on the renewed application of the defendants and over the objection of lead counsel, the Panel on Multidistrict Litigation consolidated all pending actions against the defendant in this Court. At the same time, the defendants filed motions to dismiss in this Court, which the Court heard on May 31, 1996. Shortly thereafter, the Massachusetts plaintiffs' counsel entered into discussions with the defendant and reached an oral agreement concerning settlement. Ulti-

mately, all parties came to a compromise, and this Court has approved the class settlement.

The two factions diverge sharply in their characterization of the events leading to settlement. According to lead counsel, the Massachusetts plaintiffs' counsel jeopardized the interests of the entire class by meddling in their venue strategy, needlessly risking dismissal of class claims, and accepting inferior settlement terms from a weak bargaining position.

Massachusetts plaintiffs' counsel, in contrast, maintain that they selected the appropriate venue, avoided the assignment of an aging senior judge, saved the class from dismissal with their oral arguments, and obtained a generous settlement for the class. They insist that lead counsel belatedly followed their lead in settlement negotiations, and were only able to obtain a marginal enhancement in the settlement fund by capitalizing on a longstanding relationship with the defendant's insurer.

This Court is surprised and dismayed to be confronted with this unseemly controversy over attorneys' fees. It is in no position to evaluate the relative merits of the lawyers' chosen litigation strategies, nor is it inclined to endorse one or another of the uncharitable versions of events that counsel have recited. Judge Bartels made an order appointing lead counsel in this matter, and this Court has respected that order. The Court sees no reason why it should not, as it has done in the past, award attorney fees and costs to all class counsel, to be distributed among the participating counsel based on their respective contributions to the litigation, according to the discretion of lead counsel. *See In Re: Copley Pharmaceutical, Inc. Securities Litigation,* Civil Action No. 94–11897–WGY (D.Mass. Feb. 8, 1996). Any counsel who is dissatisfied with the allocation made by lead counsel may apply to the Court for relief.

This Court hereby awards attorneys' fees in the amount of thirty (30) per cent of the Gross Settlement Fund to all counsel for the class representatives, in the same proportion of cash and warrants to be received by the class. The Court further awards expenses in the amount of $199,881.61 to all counsel for the class representatives. The foregoing awards of fees and expenses shall be paid out of, and shall not be in addition to, the Gross Settlement Fund. Any and all allocations of attorneys' fees and expenses among counsel for all class representatives shall be made by lead counsel for the class, who shall apportion the fees and expenses based upon their assessment of the respective contributions to the litigation made by each counsel. The awards of attorneys' fees and expenses shall bear interest, from the date of the entry of this Order until the fees and expenses are paid, at the rate earned by the Gross Settlement Fund.

SO ORDERED.